# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY SHESLER,

               Plaintiff,

    v.                                                                        Case No. 09-C-67

SHERIFF ROBERT CARLSON and
RACINE COUNTY JAIL HEALTH CARE PROVIDERS,

               Defendants.

## ORDER

      Pursuant to the request in the letter of counsel for defendant Racine County Jail Health Care Provider, which letter was filed on October 6, 2009, the court will amend the Scheduling Order to impose a deadline by which the plaintiff shall identify the unnamed defendants. Recently, the Seventh Circuit Court of Appeals reiterated the principles that govern the situation where a prisoner does not know the names of the defendants being sued:

> 'Ordinarily a tort victim who does not know who the tortfeasor is cannot sue. To know that one has been injured tortiously but not by whom is a ground for tolling the statute of limitations, but it is not a ground for filing suit before the plaintiff knows who injured him and who therefore should be named as the defendants. But this is not an ordinary case. Billman is a prison inmate. His opportunities for conducting a precomplaint inquiry are, we assume, virtually nil. . . . Even without doing any investigating, Billman knew enough to know that a terrible thing had been done to him. But he did not know enough to identify the culprits or to determine whether they had the confluence of knowledge . . . and power . . . necessary to hold them liable for inflicting a cruel and unusual punishment.
>
> We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law. If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous. The principle is not limited to prisoner

cases. It applies to any case in which, usually because the plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery. . . . Of course, eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed. But his initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity.

Our point is not that Billman should be given a break because he lacks legal skills. Or that his complaint should, like any complaint governed by the Federal Rules of Civil Procedure, be read generously . . . . Our point is that because Billman is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist him, within reason, to make the necessary investigation.'

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821-22 (7th Cir. 2009) (quoting *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995)) (citations omitted).

With the foregoing considerations in mind, the court will amend the Scheduling Order to allow the plaintiff additional time for discovery so that the unnamed defendants may be identified.

**NOW THEREFORE IT IS ORDERED** that discovery shall proceed forthwith;

**IT IS FURTHER ORDERED** that on or before **December 30, 2009**, the plaintiff shall file an amended complaint naming the individuals he claims are responsible for violating his constitutional rights;

**IT IS FURTHER ORDERED** that all discovery shall be completed by **March 24, 2010**;

**IT IS FURTHER ORDERED** that, if the unnamed defendants are not identified by December 30, 2009, Racine County Jail Health Care Providers may be dismissed as a defendant.

**SO ORDERED** this 8th day of October, 2009, at Milwaukee, Wisconsin.

        **BY THE COURT:**

        s/ William E. Callahan, Jr.
        WILLIAM E. CALLAHAN, JR.
        United States Magistrate Judge