## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TROY SHESLER,

                        Plaintiff,

            v.                                        Case No. 09-C-67

SHERIFF ROBERT CARLSON and
RACINE COUNTY JAIL HEALTH CARE PROVIDERS,

                        Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on deliberate indifference to a serious medical need and failure to protect claims based on alleged incidents that took place while housed at the Racine County Jail. There are several motions pending which will be addressed herein.

On November 2, 2009, defendant Sheriff Robert Carlson filed a combined motion for summary judgment and request to stay merits discovery. He contends that merits discovery should be stayed pending resolution of his motion for summary judgment for failure to exhaust administrative remedies. On November 5, 2009, defendant Racine County Jail Health Care Providers, who is represented by separate counsel, filed a letter joining in defendant Carlson's motion for summary judgment and request to stay merits discovery.

Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). The court must address the exhaustion issue before turning to the merits of the case. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Any discovery concerning the merits of the plaintiff's

claims is premature prior to resolution of the defendants' motion for summary judgment based on exhaustion. *See Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion). Based on the foregoing, the defendants' requests to stay discovery pending resolution of their motions for summary judgment for failure to exhaust administrative remedies will be granted. The summary judgment motions, which are fully briefed, will be addressed in a subsequent Order. Accordingly, the plaintiff's motions to compel discovery (Docket Nos. 54, 63) will be denied without prejudice.

On November 24, 2009, the plaintiff filed a motion for appointment of counsel in which he contends that imprisonment greatly limits his ability to litigate this case, that an attorney would better enable him to present evidence and cross-examine witnesses at trial, and that he has attempted to obtain a lawyer on his own. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. However, while the plaintiff's motion focuses on his ability to litigate at trial, a fully briefed motion for summary judgment is currently pending and it would therefore be premature to

recruit counsel for the plaintiff at this time. In addition, the plaintiff has been a competent litigant up to this point. Thus, his motion will be denied without prejudice.

On December 21, 2009, the plaintiff filed a motion for extension of time to file his amended complaint based on the court's October 8, 2009 Order directing him to file an amended complaint by December 30, 2009, naming individual defendants he claims are responsible for violating his constitutional rights in place of defendant Racine County Jail Health Care Providers. On December 29, 2009, the plaintiff filed a motion to amend the complaint adding additional parties. Based on the pending motion for summary judgment for failure to exhaust administrative remedies, this motion will also be denied without prejudice.

**IT IS THEREFORE ORDERED** that defendant Carlson's request to stay merits discovery (Docket #46) be and hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Racine County Jail Health Care Provider's request to stay merits discovery (Docket #51) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #52) be and hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket #54) be and hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket #63) be and hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #64) be and hereby is **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to amend the complaint (Docket #69) be and hereby is **DENIED without prejudice**.

**SO ORDERED** this 5th day of January, 2010, at Milwaukee, Wisconsin.

                **BY THE COURT:**

                s/ William E. Callahan, Jr.
                WILLIAM E. CALLAHAN, JR.
                United States Magistrate Judge