# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY SHESLER,

          Plaintiff,

     v.                                      Case No. 09-cv-00067

SHERIFF ROBERT CARLSON and
RACINE COUNTY JAIL HEALTH CARE PROVIDERS,

          Defendants.

## DECISION AND ORDER

      The plaintiff, who is currently incarcerated at the Oakhill Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on deliberate indifference to a serious medical need and failure to protect claims based on alleged incidents that took place while housed at the Racine County Jail. Defendant Sheriff Robert Carlson has filed a motion for summary judgment for failure to exhaust administrative remedies, and defendant Racine County Jail Health Care Providers has joined the motion. This motion is ready for resolution and will be addressed herein.

      The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

# I. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. *Celotex Corp.*, 477 U.S. at 323. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence that would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *see also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."); *Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."). "Rule 56(c) mandates the entry of summary judgment . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## II. FACTS

### A. Plaintiff's Claims

The plaintiff is proceeding on the following seven claims: (1) Eighth Amendment medical care claim based on Health Service Unit (HSU) officials' alleged denial of his request for medically prescribed Constant Pressure Air Pump (CPAP) machine for assisted sleep breathing; (2) medical care claim based on allegation that HSU personnel ignored the plaintiff's request for medical assistance on June 14-15, 2008; (3) medical care claim based on alleged termination of the plaintiff's hypothyroidism medication in July 2008; (4) medical care claim based on HSU's alleged failure to assess and treat the plaintiff for an apparent broken finger in July 2008; (5) medical care claim based on HSU's alleged failure to adequately treat the plaintiff for his injuries following assault by another inmate on August 24, 2008; (6) Eighth Amendment failure to protect claim based on alleged assault of the plaintiff by another inmate on August 24, 2008; and (7) medical care claim based on alleged lack of response from HSU following an injury the plaintiff received due to a mechanical cell door failure. (Court's Screening Order of June 12, 2009, at 3-9.)[1]

In response to the defendants' motion for summary judgment, the plaintiff filed a sworn "Declaration."[2] As an initial matter, the plaintiff asserts that he no longer wishes to proceed on Claims 2, 4, and 7. These claims will therefore be dismissed.

### B. Relevant Facts

This section is taken from defendant Carlson's Proposed Findings of Fact (DFOF), the plaintiff's sworn Declaration, and defendant Carlson's Supplemental Proposed Findings of Fact

---

[1] The court notes that the Screening Order inadvertently designated Claims 1-6 as medical care claims and Claim 7 as a failure to protect claim. (Screening Order at 9.) This Order provides the correct designation: Claims 1-5 and Claim 7 are medical care claims, and Claim 6 is a failure to protect claim.

[2] The plaintiff did not respond to the defendants' proposed findings of facts as contemplated by Civil Local Rule 56(b)(2). Nonetheless, the court will consider the materials set forth in his declaration. *See* Civil L.R. 56(b) (E.D. Wis.).

(DSFOF). Racine County Jail Administrator, Captain Douglas Wearing, identified the documents relating to whether the plaintiff exhausted available administrative remedies prior to commencing this § 1983 action. (DFOF ¶ 3.) The plaintiff's § 1983 complaint contains allegations occurring during a period of detention in the Racine County Detention Facility beginning with his booking on May 6, 2008. (DFOF ¶ 4.)

The Racine County Detention Facility maintains a policy regarding inmate grievances and grievance appeals, which is described in the Racine County Jail Handbook: Information, Regulations and Inmate Rules, a copy of which is provided to all inmates. (DFOF ¶¶ 6-7.) The Handbook states in relevant part:

> **Grievances/Complaints:** During your confinement you may feel you have a basis for a grievance or complaint. When this is the case, whenever possible, you are encouraged to resolve the complaint informally with a Correctional Staff member. When an informal resolution is not possible, a written grievance/complaint can be submitted to jail supervisory staff then reviewed by the jail captain. Use the Inmate Request form for all grievance/complaint issues. The legitimacy of each complaint will be determined and a response/resolution will be provided. Keep in mind that the grievance/complaint procedure is a means for the inmate to seek a resolution for legitimate factual concerns. Grievance appeals must be done in writing within 15 days to the jail captain using the inmate request form.

(Wearing Aff. ¶ 10, Ex. A.)

The plaintiff avers that he was never provided with a Handbook. (Pl. Dec. at 2.) Jail rules, including the inmate grievance and grievance appeal policy maintained by the Racine County Detention Facility, are publicly available in each of the Detention Facility housing units. (DSFOF ¶ 54.) The Jail rules, including the inmate grievance and grievance appeal policy maintained by the Racine County Detention Facility, are available in a binder in the day room of the E-wing and the Jail rules are posted on the windows of each of the other housing units' day rooms. (DSFOF ¶ 55.)

4
Case 2:09-cv-00067-WEC   Filed 07/15/10   Page 4 of 11   Document 72

**1. Claim 1**

On May 26, 2008, the plaintiff submitted an Inmate Request/Complaint form addressed to the "Captain" stating:

> I have 'sleep apnea', a breathing disorder. There is a machine called CPAP that assists with sleep breathing. According to medical staff, I must seek your approval to allow this machine to use in the medical ward. This machine is doctor prescribed. If allowed, by what means is procedure or acceptability to receive the CPAP machine.

(DFOF ¶ 12; Wearing Aff. ¶ 17, Ex. B.) Then-Jail Administrator, Captain John Hanrahan responded to the plaintiff's Inmate Request/Complaint form on May 29, 2008, stating: "Mr. Shesler, I have asked our health office to determine if you have sleep apnea and a need for the CPAP machine. If it is determine[d] that you do I will authorize you to have a friend or family member drop one off for you." (DFOF ¶ 13; Wearing Aff. ¶¶ 18-20, Ex. B.)

The plaintiff did not file any further Inmate Request/Complaint forms concerning Claim 1 of his § 1983 complaint allegation that "Dr. John Doe" denied him a CPAP machine. (DFOF ¶ 14.) The plaintiff did not file any Inmate Complaints or appeals regarding any claims that Sheriff Carlson denied him a CPAP machine, by virtue of policy or otherwise. (DFOF ¶ 15.)

The plaintiff avers that he did not receive the response to his inmate grievance from Captain Hanrahan. (Pl. Dec. at 2.)

The plaintiff avers that he sought direction from Health and Family Services concerning his attempts to obtain a CPAP machine, and that he made multiple attempts through the jail to obtain one. (Pl. Dec. at 3.) Attached to the plaintiff's declaration is a notarized letter dated August 5, 2008, to Health and Family Services seeking assistance in obtaining the machine. In addition, attached to the complaint are Inmate Requests for Medical Attention dated May 8, 2008, May 15, 2008, May 23, 2008, June 3, 2008, June 4, 2008, July 9, 2008, and July 16, 2008, seeking assistance related to

obtaining a CPAP machine, advising that his medical insurance would pay for a CPAP machine, and/or advising of his medical need for having a CPAP machine. (Compl., Exs. 1-5, 7-8.)

**2. Claim 3**

The plaintiff did not file any inmate complaints or appeals concerning Claim 3 that he was allegedly denied prescription medications. (DFOF ¶ 21.) The plaintiff did not file any inmate complaints or appeals regarding any claims that Sheriff Carlson was responsible, by virtue of policy or otherwise, for the alleged denial of prescription medications. (DFOF ¶ 22.)

**3. Claim 5**

The plaintiff did not file any inmate complaints or appeals concerning Claim 5 that he was denied adequate medical care for ear and shoulder pain allegedly sustained in an inmate assault. (DFOF ¶ 27.) The plaintiff did not file any inmate complaints or appeals regarding any claims that Sheriff Carlson was responsible, by virtue of policy or otherwise, for the alleged denial of adequate medical care for ear and shoulder pain. (DFOF ¶ 28.)

**4. Claim 6**

On August 25, 2008, the plaintiff directed an Inmate Request/Complaint form addressed to Sgt. Brown concerning an inmate assault on August 24, 2008; the plaintiff used the form to inquire about when he would be interviewed and photographed, seen for follow-up medical care and what would happen to the assaultive inmate. (DFOF ¶ 33; Wearing Aff. ¶ 40, Ex. C.) Lt. Thomas Lamke responded the same day in writing, stating:

> After reviewing the video documentation of this incident, as well as the interviews conducted by Racine County Sheriff's Department personnel there will not be charges filed in this case. There will be no further investigation.
>
> The video documentation clearly shows you approaching and having words with inmate Coleman. The disturbance was a direct result of this confrontation as well as your actions prior to the spray bottle being thrown. If any charges were to be issued they would include disorderly conduct charges for you due to your actions.

6

> The other inmate involved has been disciplined for his violations of jail rules. I made the decision not to pursue any jail discipline against you as your actions, while disruptive, did not rise to the same level.

(DFOF ¶ 34, Wearing Aff. ¶ 41, Ex. D.) The plaintiff did not file an appeal to the Jail Captain regarding Lt. Lamke's August 25, 2008, response. (DFOF ¶ 35.)

On August 27, 2008, the plaintiff submitted an Inmate Request/Complaint form designated by the plaintiff as a Complaint to Lt. Lamke. (DFOF ¶ 37.) The plaintiff complained he was being deprived of his "right to charge Mr. Novell Coleman in conjunction of his assault." (DFOF ¶ 38, Wearing Aff. ¶ 45, Ex. E.) The August 28, 2008 response to the plaintiff's Inmate Complaint referred to the "Response Sent 8/25/08. Lt. Lamke." (DFOF ¶ 39, Wearing Aff. ¶ 46, Ex. E.) The plaintiff did not file an appeal to the Jail Captain regarding the August 28, 2008 response to his August 27, 2008 Inmate Complaint. (DFOF ¶ 40.)

The plaintiff submitted an Inmate Request/Complaint form dated September 15, 2008, and designated by the plaintiff as an Inmate Request, to Lt. Lamke. (DFOF ¶ 42, Wearing Aff. ¶ 49, Ex. F.) The plaintiff requested preservation of evidence relating to the August 24, 2008 inmate assault incident. (DFOF ¶ 43.) Lt. Lamke responded to the Inmate Request on September 16, 2008. (DFOF ¶ 44, Wearing Aff. ¶ 51, Ex. G.) The plaintiff did not file another Inmate Request/Complaint form or any appeals to the Jail Captain regarding the September 16, 2008 response to his Inmate Request. (DFOF ¶ 45.)

The plaintiff avers that he did not receive the responses to his inmate complaints, as set forth in the defendants' Exhibits F and G. (Pl. Dec. at 2.)

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The defendants contend that Claims 3 and 5 should be dismissed because the plaintiff failed to file any inmate complaints concerning the allegations supporting his claims. The defendants also contend that Claim 1 should be dismissed because, although the plaintiff submitted one Inmate Request/Complaint form seeking the Jail Captain's approval for use of a CPAP machine and inquiring about the process to be followed, he failed to submit any inmate complaints claiming that he had been deprived of or denied a CPAP machine. According to the defendants, the plaintiff's failure to alert Jail Administration to such claims through the Inmate Complaint procedure prior to filing this federal civil rights law suit deprived officials of the opportunity to investigate and respond to the issue. The defendants further contend that Claim 6 should be dismissed because, although the plaintiff submitted three Inmate Request/Complaint forms relating to an August 24, 2008 altercation

8
Case 2:09-cv-00067-WEC   Filed 07/15/10   Page 8 of 11   Document 72

with another inmate, he did not appeal the responses received to these Inmate Request/Complaint forms to the Jail Captain, and his time for appeal has expired.

The plaintiff avers that his duty to exhaust administrative remedies was compromised because he was not provided a Racine County Jail Handbook setting forth the jail's rules for exhausting remedies. However, a prisoner's lack of awareness of a grievance procedure does not excuse non-compliance. *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007) (unpublished) (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). Moreover, it is undisputed that the jail rules, including the inmate grievance and grievance appeal policy maintained by the Racine County Detention Facility, are publicly available in each of the Detention Facility housing units, are available in a binder in the day room of the E-wing, and are posted on the windows of each of the other housing units' day rooms. The undisputed facts reveal that the plaintiff did not file any inmate complaints related to Claims 3 and 5, and he has therefore failed to exhaust his administrative remedies as to those claims.

The plaintiff also avers that he did not receive responses to his inmate grievances. Specifically, with respect to Claim 1, he avers that he did not receive Captain Hanrahan's response to his May 26, 2005 inmate complaint in which he requested Hanrahan's approval for a CPAP machine. Captain Hanrahan's response, dated May 29, 2008, states: "I have asked our health office to determine if you have sleep apnea and a need for the CPAP Machine. If it is determined that you do I will authorize you to have a friend or family member drop one off." (Wearing Aff. ¶¶ 18-20, Ex. B.) The plaintiff's Declaration averment that he did not receive Captain Hanrahan's response is contradicted by his June 3, 2008, Inmate Request for Medical Attention, which states in relevant part:

> The Captain wrote me back in regards to getting a CPAP machine. In your determining if I have a need for a CPAP machine you will have to hear the results

9

> from my recent sleep study at All Saints Hospital in Racine on Spring Street by Dr. Schamsuddin. I, Troy Shesler, authorize Racine Co. Jail Health Department and/or staff, release and receipt of all Medical Records pertaining to myself.

(Compl., Ex. 4.)

An administrative remedy becomes "unavailable" if prisoner employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole*, 438 F.3d at 809; *see also Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dale*, 376 F.3d at 656. However, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, no reasonable jury could believe that the plaintiff did not receive Captain Hanrahan's response to his May 26, 2005 request for approval for a CPAP machine because several days later the plaintiff filed a request for medical attention citing to Hanrahan's response.

It is undisputed that, although the plaintiff subsequently filed several additional requests for medical attention to the HSU, he did not file an inmate complaint related to the denial of his request for a CPAP machine. Hence, Claim 1 is unexhausted.

Finally, it is undisputed that the plaintiff filed three grievances related to Claim 6. It is also undisputed that he did not file any appeal of his grievances. The plaintiff avers that he did not receive the response to one of his inmate complaints. (Pl. Dec. at 2.) However, he then relies on Lt. Lemke's response, "Feel free to contact legal counsel if you dispute this," as a justification as to why he did not file any appeal, implying that Lemke's response led him to believe that he did not have to file an appeal. Again, this court declines to adopt the plaintiff's averment as fact, due to its blatant contradiction with other evidence in the record. *See Scott*, 550 U.S. at 380.

It is undisputed that the plaintiff failed to file an appeal of his inmate complaints related to Claim 6. Thus, he failed to exhaust as to this claim. *See Pozo*, 286 F.3d at 1023 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

The undisputed facts reveal that the plaintiff failed to exhaust administrative remedies. Accordingly, this action will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## ORDER

**NOW THEREFORE IT IS ORDERED** that defendant Carlson's motion for summary judgment (Docket #46) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Racine County Jail Health Care Providers motion for summary judgment (Docket #61) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of July, 2010.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge